UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE MACOM,

                Plaintiff,

      v.

JOSEPH LEHMAN, *et al*,

                Defendants.

Case No.  C05-5338FDB

ORDER REGARDING SERVICE OF COMPLAINT AND REQUIRING JOINT STATUS REPORT

        This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's motion for a an order directing service by the United States Marshals Service. (Dkt. #1).  After reviewing the record, the undersigned hereby finds and orders as follows:

        On May 20, 2005, the clerk received plaintiff's civil rights complaint. (Dkt. #1).  On June 9, 2005, plaintiff filed the required $250.00 court filing fee.  As such, plaintiff has not been granted, *in forma pauperis* status in this case.  On October 17, 2005, plaintiff filed his motion for an order directing service by the United States Marshals Service. (Dkt. #14).

        Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(c) and Local Rule CR 4(c), service by the United States Marshals Service is required only when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Because plaintiff has not been granted *in forma pauperis* status in this case, it is

ORDER
Page - 1

therefore his responsibility to comply with Fed. R. Civ. P. 4 for service of a summons and complaint within the proper time limit. <u>See also</u> Fed. R. Civ. P. 4(m). Accordingly, plaintiff's motion for an order directing service by the United States Marshals Service (Dkt. #14) is DENIED.

In addition, as noted above, more than 120 days have passed since plaintiff paid the court filing fee. Service must be made within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m). Because he paid the court filing fee, plaintiff is not proceeding *in forma pauperis* in this matter, and thus is responsible for serving the defendants named in his complaint. <u>See</u> Fed. R. Civ. P. 4 and Local Rule CR 4(c). Failure to properly serve the summons and complaint within the above time frame may result in the dismissal of this case without prejudice. Fed. R. Civ. P. 4(m).

Service of the complaint therefore is now overdue. Accordingly, plaintiff hereby is ordered to serve the complaint on the named defendants **by no later than November 2, 2005**. In addition, if settlement is not achieved earlier, all counsel and any *pro se* parties are directed to confer and provide the court with a joint status report by:

**<u>January 2, 2006.</u>**

The joint status report will contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case;

2. The date by which discovery can be completed;

3. Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

4. Whether a settlement mediation under Local Rule CR 39.1(c) should be held;

5. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way;

6. Any other suggestions for shortening or simplifying the case;

7. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

8. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

9. Whether the trial will by jury or non-jury;

10. The number of trial days required, and suggestions for shortening trial;

11. The names, addresses, and telephone numbers of all trial counsel.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. **Separate reports are not to be filed**.

If, on the due date of the joint status report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff (or plaintiff, if *pro se*) shall advise the court in an independent report when service will be effected and why it was not made earlier.

If on the due date the defendant(s) or respondent(s) have been served and no answer or appearance has been filed, counsel for the plaintiff (or plaintiff, if *pro se*) shall file an independent status report providing the information requested to the extent possible. This report must also describe the current status of the non-appearing parties.

The time for filing the joint status report may be extended **only** by court order.

## PLAINTIFF'S RESPONSIBILITIES

This order is issued at the outset of the case, and a copy is delivered by the clerk to plaintiff. Within ten (10) days of receipt of service, plaintiff shall serve a copy of this order on each party appearing after this order is filed. Plaintiff is responsible for initiating contact with defendant(s) counsel for preparation of the joint status report and plaintiff shall do so by notifying defendant(s) counsel in writing.

## SANCTIONS

A failure by any party to comply fully with this order may result in the imposition of sanctions.

The clerk is directed to send a copy of this Order to plaintiff.

DATED this 26th day of October, 2005.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge