UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE MACOM,

                Plaintiff,

     v.

JOSEPH LEHMAN, *et al*,

                Defendants.

Case No. C05-5338FDB

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME

       This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the court on plaintiff's motion for an extension of time to serve process. (Dkt. #18). After reviewing the record, the undersigned hereby finds and orders as follows:

       On October 26, 2005, the court denied plaintiff's motion for an order directing service by the United States Marshals Service. (Dkt. #1). It did so because plaintiff is not proceeding *pro se* in this case, and thus is responsible for effecting service on defendants. The court ordered plaintiff to file his complaint by no later than November 2, 2005.

       In his motion, plaintiff argues an extension of time should be granted, because defendants waived any challenge they had to jurisdiction or service by appearing through their attorney to defend against the motion for a preliminary injunction plaintiff filed in June 23, 2005 (Dkt. #5), and which the court denied on September

ORDER
Page - 1

6, 2005 (Dkt. #11 and #12). The notice of appearance defendants filed, however, states expressly that their appearance in this matter was being made "without waiving objection as to sufficiency of process or jurisdiction" of the court. Notice of Appearance, p. 1 (Dkt. #6). Accordingly, the court does not find that defendants have waived their right to bring such challenges.

Service of the summons and complaint must be made within 120 days after filing of the complaint. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(m). Failure to properly serve the summons and complaint within this time frame may result in the dismissal of this case without prejudice. Id. Plaintiff argues that he has shown good cause for not completing service in a timely manner, because the fact of his incarceration has hindered his efforts to complete service, and he has done all he could to do so within the given time frame. The undersigned, however, is not convinced that plaintiff has exhausted all avenues that are available to him, based on the efforts referred to in his motion and declaration.

Nevertheless, in the prior order directing plaintiff to complete service, it appears that the court only gave plaintiff seven days to do so. The date by which service was to be completed, however, should instead have been closer to the end of November 2005. Plaintiff essentially has asked for a one-month extension in which to complete service. The court does not find this to be unreasonable.

Plaintiff's motion for extension of time to serve process (Dkt. #18), therefore, is hereby GRANTED. Plaintiff shall serve the complaint on the named defendants **by no later than January 5, 2006. However, plaintiff is warned that should he fail to complete service on defendants by this date, the court shall recommend dismissal of this matter for failure to prosecute.**

In addition, if settlement is not achieved earlier, all counsel and any *pro se* parties are directed to confer and provide the court with a joint status report by:

**February 5, 2006.**

The joint status report will contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case;

2. The date by which discovery can be completed;

3. Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

4.  Whether a settlement mediation under Local Rule CR 39.1(c) should be held;

5.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way;

6.  Any other suggestions for shortening or simplifying the case;

7.  The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

8.  The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

9.  Whether the trial will by jury or non-jury;

10. The number of trial days required, and suggestions for shortening trial;

11. The names, addresses, and telephone numbers of all trial counsel.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. **Separate reports are not to be filed**.

If, on the due date of the joint status report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff (or plaintiff, if *pro se*) shall advise the court in an independent report when service will be effected and why it was not made earlier.

If on the due date the defendant(s) or respondent(s) have been served and no answer or appearance has been filed, counsel for the plaintiff (or plaintiff, if *pro se*) shall file an independent status report providing the information requested to the extent possible.  This report must also describe the current status of the non-appearing parties.

The time for filing the joint status report may be extended **only** by court order.

## PLAINTIFF'S RESPONSIBILITIES

This order is issued at the outset of the case, and a copy is delivered by the clerk to plaintiff. Within ten (10) days of receipt of service, plaintiff shall serve a copy of this order on each party appearing after this order is filed.  Plaintiff is responsible for initiating contact with defendant(s) counsel for preparation of the joint status report and plaintiff shall do so by notifying defendant(s) counsel in writing.

## SANCTIONS

A failure by any party to comply fully with this order may result in the imposition of sanctions.

The clerk is directed to send a copy of this Order to plaintiff and to counsel for defendants.

1   DATED this 5th day of December, 2005.

2

3

4

5                                                        /s/ Karen L. Strombom
                                                         Karen L. Strombom
6                                                        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28