UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE MACOM,

          Plaintiff,

    v.

JOSEPH LEHMAN, *et al*,

          Defendants.

Case No.  C05-5338FDB-KLS

ORDER GRANTING
DEFENDANTS' MOTION FOR
EXTENSION OF TIME AND
PRETRIAL SCHEDULE ORDER

On September 22, 2006, defendants filed a motion for a ninety (90) day extension of time in which to file dispositive motions due to the substantial documentation that apparently has been generated in this case so far and to an increase in the caseload of counsel for defendants. (Dkt. #44).  Plaintiff has filed a response to that motion, in which he states he has no objection to the requested extension of time. (Dkt. #46).  Accordingly, defendants' motion for an extension of time to file dispositive motions (Dkt. #44) hereby is GRANTED.  The Court, therefore, also hereby issues the following revised pretrial schedule order:

<u>Motions</u>

Any dispositive motion shall be filed and served on or before **January 24, 2007**.  A party must file with the motion a supporting memorandum.  The motion shall include in its caption (immediately below the

PRETRIAL SCHEDULE
Page - 1

title of the motion) a designation of the Friday upon which the motion is to be noted upon the Court's calendar. That date shall be the fourth Friday following filing of the dispositive motion.

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Fed. R. Civ. P. 7 and Local Rule CR 7. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit. The party making the motion may file a reply to the opposing party's briefs and affidavits, which also shall be filed and served pursuant to the requirements of Fed. R. Civ. P. 7 and Local Rule CR 7.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

### Joint Status Report

Counsel and *pro se* parties are directed to confer and provide the court with a joint status report by no later than **March 10, 2007**. The joint status report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3.  A list of all exhibits to be offered into evidence at trial;

4.  A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

6.  Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

7.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

8.  Any other suggestions for shortening or simplifying the trial in this case;

9.  The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

10.  The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

11.  Whether the trial will by jury or non-jury;

12.  The number of trial days required, and suggestions for shortening trial;

13.  The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. **Separate reports are not to be filed**. Plaintiff's counsel (or plaintiff, if *pro se*) will be responsible for initiating communications for the preparation of the joint status report.

Proof of Service & Sanctions

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se). The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court. Such proof of service shall accompany both the original and duplicates filed with the Clerk. Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for

defendant(s).

DATED this 24th day of October, 2006.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

PRETRIAL SCHEDULE
Page - 4