UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOE MACOM,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSEPH LEHMAN, *et al*,<br><br>               Defendants. | Case No.  C05-5338FDB-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

       This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #53). Plaintiff has not been granted *in forma pauperis* status in this case, although he is proceeding *pro se*. After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

       There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances.  <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the

ORDER
Page - 1

complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

In this case, none of the factors necessary to find appointment of counsel at government expense are present.  First, and foremost, plaintiff has not been granted *in forma pauperis* status.  On that basis alone, therefore, plaintiff is not entitled to have counsel appointed for him.  Plaintiff states in his motion that he is now indigent.  However, he has not filed any subsequent motion or application requesting to be found *in forma pauperis*.  Even if plaintiff were to do so, and the Court were then to find him indigent, which it does not do here, appointment of counsel still would not be appropriate.

Plaintiff asserts this case presents exceptional circumstances which warrant such appointment.  But other than his unsubstantiated allegations that defendants have engaged in recent retaliation against him for prosecuting this matter and are likely to act improperly during litigation, plaintiff has set forth no facts or other evidence in support thereof.  Indeed, as defendants note, this case does not appear likely to require expert testimony or the involvement of other complex legal or factual issues that would make the appointment of counsel necessary.  Further, by already having filed a number of motions in this matter, plaintiff has shown an ability to prosecute his case *pro se*.  Finally, plaintiff has not shown a likelihood of success on the merits.

Accordingly, for all of the foregoing reasons, plaintiff's motion for appointment of counsel (Dkt. #53) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff.

DATED this 3rd day of August, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2